UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/2017

KAREN VAN DEMARK,

                    Plaintiff,

      - against -

LPN FAY POWELL,

                Defendant.

13-CV-07843 (TPG)

**OPINION**

------------------------------------------x

Before this court is a motion to dismiss plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Defendant asserts that plaintiff Karen Van Demark's failure to respond to discovery requests and general lack of responsiveness warrants the court's dismissal of her complaint. For the reasons set forth below, the court conditionally grants this motion. The court orders plaintiff to file an explanation of her lack of responsiveness with the court within thirty (30) days of the date of issuance of this opinion. If the plaintiff fails to file by this deadline, plaintiff's claim will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) on account of plaintiff's failure to prosecute.

## BACKGROUND

Plaintiff initially brought this action under 42 U.S.C. § 1983 (2012) against defendant Frances Powell, a nurse at the Bedford Hills Correctional Facility ("Bedford Hills"). The complaint, filed on November 4, 2013, alleged that

1

defendant violated defendant's First, Eighth, and Fourteenth Amendments during the time she was incarcerated at Bedford Hills—more specifically, during the time period between April 2012 and November 2013. ECF No. 2.

On July 22, 2016, defendant filed a motion to dismiss based on plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 17. As part of the motion to dismiss, defendant claimed that plaintiff failed to exhaust her administrative remedies as mandated by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (2012). ECF No 19, at 9-13. Under the PLRA, actions by prisoners with respect to prison conditions cannot be brought under federal law until all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a). Defendant claimed that plaintiff failed to comply with New York State's grievance program for inmates, and thus did not exhaust all remedies available to her. ECF No. 19, at 10-13. The program requires inmates to file a complaint within 21 days of any alleged incident and have the complaint heard in three stages—the Inmate Grievance Resolution Committee, an appeal to the prison superintendent, and an appeal to the Central Office Review Committee. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(a)-(d) (2017). In response to defendant's motion to dismiss, the court ordered limited, expedited discovery with respect to whether plaintiff exhausted her administrative remedies. ECF No. 24, at 7.

Pursuant to the court's order, defendant took several steps to initiate limited discovery, including noticing plaintiff for a deposition and attempting to contact her. ECF No. 27, at 1. Plaintiff did not respond to the attempts or appear

for her scheduled deposition. ECF No. 27, at 1; ECF No. 27, Ex. A. Plaintiff has not responded to defendant's motion to dismiss, and has not made an appearance in this case since September 1, 2016, when she requested additional time to respond to the motion to dismiss. *See* ECF No. 21. Further, she has not provided a valid address since she left Bedford Hills on parole. Based on plaintiff's non-responsiveness, on August 14, 2017, defendant filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 27.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[f]or a failure of the plaintiff to prosecute or to comply with . . . any order of the court." In determining whether to dismiss a case under Rule 41(b), courts consider "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) . . . the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) . . . the efficacy of lesser sanctions." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Moore v. Westchester Cty.*, No. 15 CV 1881 (VB), 2016 WL 3181156, at *2 (S.D.N.Y. June 2, 2016). No single factor is dispositive. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Dismissing a case based on Rule 41(b) is a "harsh remedy" and should only be used in exceptional circumstances. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Courts should be particularly hesitant to dismiss a case where the offending party is a *pro se* litigant. *LeSane*, 239 F.3d at 209; *Spencer*, 139 F.3d at 112. When deciding whether to dismiss a *pro se* litigant's complaint, circumstances must be "sufficiently extreme." *Spencer*, 139 F.3d at 112 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In the instant case, the above factors favor dismissal. The first factor can be broken down into two parts: (1) whether it was the plaintiff that failed to prosecute and (2) whether the failures were of significant duration. *Drake*, 375 F.3d at 255; *Spencer*, 139 F.3d at 113. Here, the failures were clearly those of the plaintiff—plaintiff failed to respond to discovery requests and failed to appear at her deposition. ECF No. 27, at 1; ECF No. 27, Ex. A. Further, this failure to respond has lasted for over a year. Plaintiff has failed to file any document since September 1, 2016, including failing to provide a notice of change of address following her release from Bedford Hills. Second, plaintiff was warned in this court's May 17, 2017 Order that failure to respond could lead to the court either accepting defendant's facts as true or dismissing her case. ECF No. 24, at 7-8. Third, continuing this litigation would prejudice the defendant. Defendant has already expended significant efforts to contact plaintiff, who does not seem interested in further pursuing her case. Thus, the balance of factors weighs in favor of dismissal.

Although the factors weigh in favor of dismissal, because plaintiff is proceeding *pro se* and because dismissal is an exceedingly extreme sanction, *Spencer*, 139 F.3d at 112, the court finds that granting a conditional dismissal is most appropriate. Thus, the court grants plaintiff thirty (30) days from the date of this order to explain her failure to respond to defendant's repeated discovery requests. Failure to file an explanation will result in this court dismissing the instant action.

## CONCLUSION

For the reasons given above, defendant's motion to dismiss under Federal Rule of Civil Procedure 41(b) is conditionally granted. Plaintiff is ordered to file a written explanation of her failures to respond to defendant's discovery requests and deposition within thirty (30) days of the date of this Opinion. If plaintiff fails to respond within 30 days, plaintiff's case will be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b). This resolves Docket Number 27 in this case.

Dated: New York, New York
      September 25, 2017

Thomas P. Griesa
U.S. District Judge